UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ENCOMPASS GROUP, LLC,

                    Plaintiff,

    -against-

OCEANSIDE INSTITUTIONAL INDUSTRIES,
INC.,

                    Defendant.
--------------------------------------------------------X

**MEMORANDUM & ORDER**
16-CV-2560 (DRH)(AYS)

**APPEARANCES:**

**For Plaintiff:**
**Lowenstein Sandler LLP**
1251 Avenue of the Americas
New York, New York 10020
By:   Jeffery J. Wild, Esq.
       Frank T.M. Catalina, Esq.

**For Defendant:**
**Gertler Law Group, LLC**
90 Merrick Avenue, Suite 400
East Meadow, NY 11554
By:   Richard G. Gertler, Esq.

**HURLEY, Senior District Judge:**

      This case is but just one of the numerous cases filed in this Court in which diversity jurisdiction is not properly alleged.[1] As a result, after nearly two years of litigation, this action is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

      Plaintiff Encompass Group, LLC ("Plaintiff" or "Encompass") commenced this action against defendant Oceanside Institutional Industries, Inc. ("Oceanside") asserting claims for

---

[1] Indeed, the problem is such that this Court has, in the past year, issued numerous orders to show cause pointing out the deficiencies in a pleading's jurisdictional allegations and directing that the relevant party show cause why the action should not be dismissed for lack of jurisdiction.

breach of contract and account stated arising out of Oceanside's purchase of certain goods and services from Encompass. After the completion of discovery, which included the deposition of an officer of Oceanside in which Oceanside conceded that it owes Encompass $1,137,955.77, Encompass moved for summary judgment. That motion is unopposed.

Consistent with its obligation to ensure both that it has jurisdiction *Richmond v. Internat'l Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996), *aff'd*, 841 F.2d 1116 (2d Cir. 1988) and that the statement of material facts is supported by record evidence sufficient to sustain the movant's burden of production, *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014), the Court began its review of the record before it. That review began with the complaint.

According to the complaint, jurisdiction is premised upon diversity. (Compl. ¶ 3.) The jurisdictional allegations are as follows. "Encompass is a limited liability company organized and existing under the laws of State of Delaware and maintains a principal place of business at 615 Macon Street, McDonough, Georgia 30253" and "Oceanside is a New York corporation having or having had its principal place of business at 2525 Long Beach Road, Oceanside, New York 11572." (Compl. ¶¶ 1 & 2.).

As the allegations in the complaint were, as discussed below, insufficient to allege diversity, the Court issued the following Order to Show Cause on April 13, 2018:

> In connection with the pending motion for summary judgment, it has come to the Court's attention that subject matter jurisdiction based on diversity of citizenship is not properly alleged in this matter. According to the Complaint "Encompass is a limited liability company organized and existing under the laws of State of Delaware and maintains a principal place of business at 615 Macon Street,McDonough, Georgia 30253." However, the citizenship of a limited liability company (LLC) is determined by the citizenship of each of its members. *See, e.g., Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC,* 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd Pship,* 213 F.3d 48, 51-52 (2d Cir. 2000). Where jurisdiction is founded upon diversity of citizenship, the citizenship of natural persons who are members of a limited liability company and the place of incorporation and

principal place of business of any corporate entities who are members of the limited liability company must be alleged. *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010), (citing *Handelsman*, 213 F.3d at 51-52); *Bishop v. Toys R Us-NY LLC*, 414 F. Supp.2d 385, 389 n.1 (S.D.N.Y. 2006), *aff'd*, 385 Fed. App'x 38 (2d Cir. 2010).

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff file an amended complaint, on or before May 1, 2018, setting forth the citizenship of each of its members. *See Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record[.]")

No amended complaint has been filed.

## DISCUSSION

As noted above, this Court has an obligation to ensure that it has jurisdiction over the controversy before it. Here the allegation that Encompass is "a limited liability company organized and existing under the laws of State of Delaware and maintains a principal place of business at 615 Macon Street, McDonough, Georgia 30253" is insufficient to allege its citizenship for purposes of diversity jurisdiction. *Handelsman*, 213 F.3d at 51-52. Moreover, Encompass has not taken advantage of the opportunity afforded it to amend its complaint to correctly assert its citizenship for diversity purposes. Accordingly, based on the record before the Court, this action must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff's motion for summary judgment is denied and this action is dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to enter judgment dismissing this case for lack of subject matter jurisdiction and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York            s/ Denis R. Hurley
     May 3, 2018                          United States District Judge